IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DANELLE MARIE MEYERS, | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 14-1349-JWL |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Supplemental Security Income (SSI) benefits under sections 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the Administrative Law Judge's (ALJ) failure to discuss and to explicitly assign weight to the opinion of Dr. Ostrow, a testifying medical expert, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this decision.

**I.    Background**

Plaintiff applied for SSI benefits, alleging disability beginning March 1, 2008. (R. 15, 204). She exhausted proceedings before the Commissioner, and now seeks judicial

review of the final decision denying benefits. Plaintiff argues that the ALJ erred at both step three and step five of his disability evaluation, and in numerous respects in assessing Plaintiff's residual functional capacity (RFC).

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by

other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord,

Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is necessary because the ALJ erroneously failed to discuss and to explicitly assign weight to the opinion of Dr. Ostrow, a testifying medical expert. Because Plaintiff did not identify for the court specific record evidence which in her view meets or medically equals all of the criteria of a particular Listed impairment, the court finds that she cannot meet her step three burden before this court, and any error in that regard by the ALJ is necessarily harmless. She can present any additional arguments in that regard to the Commissioner on remand. The ALJ's error in addressing Dr. Ostrow's medical opinion requires remand and a renewed assessment of Plaintiff's RFC. Therefore, Plaintiff may make any additional arguments regarding RFC assessment or allegations of step five error to the Commissioner on remand. The court limits any further discussion to the issue of the ALJ's failure to discuss and to explicitly assign weight to the opinion of Dr. Ostrow.

**II.     Consideration of Dr. Ostrow's Opinion**

In her Social Security Brief, Plaintiff points out that Dr. Ostrow is a medical expert called by the ALJ to testify at the Social Security hearing in this case. (Pl. Br. 6). She summarizes Dr. Ostrow's opinion that Plaintiff can perform no fine fingering with her left hand, and argues that contrary to the Social Security regulations "[n]owhere in the ALJ's

decision did he weigh or consider the opinion of Dr. Ostrow." (Pl. Br. 6). In her Social Security Brief, the Commissioner counters that the ALJ "included a limitation to no fine fingering in the left hand in his hypothetical question to . . . the vocational expert" (Comm'r Br. 12), who testified that an individual with such limitations could perform the representative jobs upon which the ALJ relied in his decision. Id. at 13. She argues that "any arguable deficiency" in the ALJ's failure to explain in the decision his handling of Dr. Ostrow's opinion "does not amount to reversible error." Id. (citing Poppa v. Astrue, 569 F.3d 1167, 1172 n.5 (10th Cir. 2009), and thereby implying that the ALJ's error in failing to explain his handling of Dr. Ostrow's opinion was "a mere scrivener's error.").

### A. The ALJ's Findings

The only mention of Dr. Ostrow in the decision at issue, acknowledges that he is an internist and pulmonologist who appeared and testified at the hearing in this case. (R. 15). The ALJ also made the following finding regarding Plaintiff's RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant: can sit for 6 hours out of an 8 hour workday with normal breaks; can stand and walk for a total of 4 hours out of an 8 hour workday with normal breaks; can perform occasional posturals and can stoop to sit or stand, but cannot engage in extended stooping or crawling; cannot climb ladders, ropes, or scaffolds and cannot balance; cannot perform repetitive movements with the left wrist but can occasionally handle and feel with that hand; has no limitations with her right wrist or bilateral lower extremities; cannot work at unprotected heights; cannot work with dust, gases, or fumes above street level concentrations; cannot work with extreme heat or cold; can perform simple repetitive 1-4 step tasks; can have occasional contact with coworkers, supervisors, and the general public; and can perform low stress jobs (defined as jobs not requiring production or rapid work).

5

(R. 20-21) (finding no. 4) (bolding omitted).

Although the ALJ found at step four that Plaintiff has no past relevant work, he found at step five that Plaintiff is able to perform at least a portion of the jobs of an office clerk, or of a surveillance system monitor since that portion of those jobs occur in significant numbers in the economy. (R. 26). Therefore, he concluded that Plaintiff is not disabled within the meaning of the Act, and denied her application. (R. 26-27).

### B.  Analysis

Unless a treating source opinion is given controlling weight, <u>all</u> medical opinions will be evaluated by the Commissioner in accordance with factors contained in the regulations. 20 C.F.R. § 416.927(c) (effective March 26, 2012) ("Regardless of its source, we will evaluate every medical opinion we receive."). A medical opinion, even one "on issues reserved to the Commissioner must never be ignored." Social Security Ruling (SSR) 96-5p, West's Soc. Sec. Reporting Serv., Rulings 123-24 (Supp. 2015). Evidence from non-examining sources such as medical experts is also considered opinion evidence. 20 C.F.R. § 416.927(e). An ALJ is not bound by such opinions but must consider such opinions, must evaluate them using the regulatory factors enumerated in 20 C.F.R. 416.927(c), and must explain in the decision the weight given to them. <u>Id.</u>, § 416.927(e)(2). Moreover, if the ALJ's RFC assessment conflicts with a medical source opinion, the ALJ must explain why he did not adopt the opinion. SSR 96-8p, West's Soc. Sec. Reporting Serv., Rulings 150 (Supp. 2015).

Here, the ALJ stated that his RFC was made after "careful consideration of the entire record" (R. 20, finding no. 4), and the court will take him at his word and accept that he considered the medical opinions of Dr. Ostrow. Hackett, 395 F.3d at 1173. However, the ALJ did not state in the decision the weight he accorded to Dr. Ostrow's opinion. He did not even summarize the opinion. As the Commissioner suggests in her brief, when comparing Dr. Ostrow's opinion with the RFC assessed and with the hypothetical questions presented at the hearing, it appears that the ALJ accepted Dr. Ostrow's opinion that Plaintiff could not perform fine fingering with her left hand, and one might assume that any error in the ALJ's failing to state that he had accepted that opinion is harmless.

However, if as the Commissioner suggests, one compares Dr. Ostrow's opinion with the RFC assessed and with the hypothetical question presented at the hearing, one may see the problems with the Commissioner's approach. Dr. Ostrow opined that Plaintiff can lift 20 pounds occasionally and 10 pounds repetitively, can stand and walk for two hours total, and can sit for six hours total in an eight-hour workday, cannot repetitively move the left wrist, cannot perform fine fingering with the left, can perform gross movements like handling with the left hand, but can only occasionally feel with the left hand, can only occasionally bend and climb stairs, and is precluded from stooping except when transitioning between sitting and standing, is precluded from crawling, balancing on either foot individually, climbing ladders, ropes, or scaffolds, working at unprotected heights, from excessive temperatures, and from atmospheric contaminants

7

above street levels of concentration. (R. 102-04). The hypothetical presented to the vocational expert, and relied upon by the ALJ, proposed limitations including lifting 10 pounds frequently (not repetitively), and standing and walking a total of two hours in an 8-hour workday. (R. 112). It precluded crawling and <u>sustained</u> stooping but permitting transitory stooping from sitting or standing. <u>Id.</u> The hypothetical extensively addressed use of the hands, stating that for "the left hand there would be no repetitive movement. The left hand can be used and no fine fingering. The left hand can be used for handling and feeling, feeling on an occasional basis. The right hand is unrestricted." <u>Id.</u>

The RFC assessed by the ALJ on the other hand permits Plaintiff to "stand and walk for a total of 4 hours out of an 8 hour workday." (R. 20). The ALJ did not explain why he did not adopt Dr. Ostrow's opinion that Plaintiff is limited to standing and walking a total of two hours in a workday, and did not explain why his hypothetical utilized a different limitation. The hypothetical, like Dr. Ostrow's opinion precluded crawling, whereas the RFC precluded <u>extended</u> crawling. (R. 20). Although Dr. Ostrow's opinion and the hypothetical both prohibit fine fingering, the RFC does not mention it. <u>Id.</u> Dr. Ostrow's opinion and the hypothetical agree regarding unlimited handling and only occasional feeling on the left, but the RFC limits Plaintiff to only occasional handling <u>or</u> feeling with the left.

There may be a valid basis and explanation for each of these ambiguities which might be grounded in the record evidence and might be suggested by the Commissioner or by the court to justify the RFC ultimately assessed, and to find that the representative

8

jobs relied upon by the ALJ actually comport with that RFC. However, that justification is the duty of the ALJ, and neither the court nor the Commissioner may engage in such post hoc rationalization. Knipe v. Heckler, 755 F.2d 141, 149 n.16 (10th Cir. 1985); Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005). The court may reach an understanding of the ALJ's treatment of evidence only when that treatment is apparent from the decision. Grogan, 399 F.3d at 1263. It is the ALJ's duty to consider and resolve ambiguities and material inconsistencies in the evidence, and to explain the basis for any inconsistencies between the RFC assessed and a medical opinion. SSR 96-8p, West's Soc. Sec. Reporting Serv., Rulings 149-50 (Supp. 2015). The ALJ erred in failing to discuss and to explicitly assign weight to the opinion of Dr. Ostrow, and did not resolve the ambiguities present in this case.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 23rd day of February 2016, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**